IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOHN LANKSTON ANDERSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14CV950-WKW |
| | ) | |
| ALABAMA DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER and RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a motion seeking to proceed *in forma pauperis* in this action (Doc. # 2). Upon consideration of plaintiff's affidavit of substantial hardship, it is

ORDERED that the motion to proceed *in forma pauperis* is GRANTED. Upon its review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1] Accordingly, it is further

ORDERED that service of process is STAYED until further order of the court directing such service.

**Plaintiff's Claims**

Plaintiff John Lankston Anderson, Jr., proceeding *pro se*, brings this § 1983 action

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that ... the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

asserting constitutional and statutory claims against the Alabama Department of Corrections ("ALDOC"); the Arkansas Department of Corrections ("ADC"); the District Attorneys for Franklin County and Walker County, Alabama, and Miller County, Arkansas; "John and Jane Does" (identified as the Commissioners of the Alabama and Arkansas Departments of Corrections and the District Attorneys in Arkansas and Alabama, in their individual and official capacities); and defendants "ET AL.," whose names are "not yet known to the Plaintiff" but who "may be Defendants relevant to the facts and violations" alleged, in their official and individual capacities.

Plaintiff alleges that, in August 2002, he entered a plea of guilty to three counts of sexual abuse in the first degree in the Circuit Court of Walker County, Alabama. In exchange for his guilty plea, he received a "split" sentence to a term of ten years on each count – to be served concurrently with each other and with his sentence from convictions in Franklin County, Alabama – with plaintiff to serve three years in confinement, followed by a period of probation. After he entered his guilty plea, plaintiff was transferred to Miller County, Arkansas, where he pled guilty to charges of sexual abuse in exchange for a sentence to ten years of confinement. Shortly thereafter, plaintiff was transferred to the Alabama Department of Corrections to serve three years of confinement pursuant to his "split" sentence. After he completed his confinement in Alabama, he was again transferred to Arkansas to serve the ten-year sentence to confinement resulting from his Arkansas conviction. (Complaint, ¶¶ 11-16).

Plaintiff further alleges that – while he had "no detainer of warrant lo[d]ged against him" upon completion of his sentence to confinement in the Arkansas Department of Corrections – "the State of Alabama had issued a warrant for the Plaintiff's arrest/extradition back to Alabama for probation violation" and he "was t[ra]nsferred back to the custody of the Alabama Department of Corrections, absent any warrant or detainer" and held until on or around February 13, 2013.  (Id., ¶¶ 17-18).  He asserts that, "[a]s a direct result of the Arkansas and Alabama convictions, the Plaintiff was required and did register as a sex offender in the State of Tennessee." (Id., ¶ 19).

Plaintiff contends that the state of Alabama had no jurisdiction or authority to extradite him back to Alabama upon completion of his term of confinement in Arkansas "because the State of Alabama[] acted without a warrant signed by a court of competent jurisdiction" and, thus, his confinement in Arkansas and Alabama – *and* his present status as a registered sex offender – are "null and void."  (Id., ¶ 20).  He claims that the state of Arkansas had no authority or jurisdiction to release him to the state of Alabama "without authorization by a court of competent jurisdiction." (Id., ¶ 20).  Plaintiff asserts:

> For at least fourteen years and continuing at the time of filing of this action, the Defendants, and each of them as though named in this action, have held the Plaintiff confined under the authority and jurisdiction of the Arkansas and Alabama Department Of Correction, and have held the Plaintiff bound to register as a sex offender in the State Of Tennessee, all in the absence of any such authority of jurisdiction.

(Id., ¶ 9).

Plaintiff claims that the defendants have conspired to violate, and have violated, his

constitutional rights under the "constitutional laws of both the States of Arkansas and Alabama," and the First, Fourth, Fifth, Sixth, Eighth, Ninth, and Fourteenth amendments to the United States Constitution (Complaint, ¶¶ 1, 10, 24, 25, 26, 27). He asserts claims pursuant to 42 U.S.C. § 1983, and also claims that defendants violated his rights under 42 U.S.C. §§ 1985 and 1986.[2]

## Eleventh Amendment

Plaintiff's claims against the ALDOC, the ADC, and the official-capacity defendants (ALDOC and ADC Commissioners and the "District Attorneys") are barred entirely by the Eleventh Amendment. The Eleventh Amendment bars a federal court from entertaining a suit brought by a private party against a state – or one of its agencies or departments – absent the unequivocally-expressed consent of the state to being sued in federal court. Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 98-101 (1984)(citations omitted); see id. at 100 ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.")(citations omitted).[3]

---

[2] While plaintiff divides his claims into two "causes of action," they overlap substantially, and both assert violations of multiple constitutional and statutory rights against all of the defendants. The court is unable to discern any distinction between the two causes of action and, thus, does not address them separately.

[3] The Alabama DOC is an administrative department of the State of Alabama, "responsible for administering and exercising the direct and effective control over penal and corrections institutions throughout this state." Ala. Code, § 14-1-1.2. The Arkansas DOC "is an agency of the State of Arkansas[.]" Deaton v. Arkansas Dept. of Correction, 2012 WL 6115102, *2 (E.D. Ark. Oct. 15, 2012), report and recommendation adopted, 2012 WL 6114841 (E.D. Ark. Dec. 10, 2012)(citing Glick v. Henderson, 855 F.2d 536 (8th Cir. 1988)).

"This jurisdictional bar applies regardless of the nature of the relief sought." Id. at 100. Neither Alabama nor Arkansas has consented to suit in federal court. See Ala. Const., Art. I, § 14 ("[T]he State of Alabama shall never be made a defendant in any court of law or equity."); Burk v. Beene, 948 F.2d 489 (8th Cir. 1991)(no waiver of immunity by Arkansas). Additionally, Congress has not abrogated the states' Eleventh Amendment immunity with respect to § 1983 or § 1985 claims. Quern v. Jordan, 440 U.S. 332, 338 (1979); Fincher v. State of Florida Dept. of Labor & Employment Security -Unemployment Appeals Commission, 798 F.2d 1371, 1372 (11th Cir. 1986). Thus, plaintiff's claims against the Arkansas Department of Corrections and the Alabama Department of Corrections are due to be dismissed with prejudice. See Watson v. Division of Child Support Services, 560 F. App'x. 911, 913 (11th Cir. 2014)(upholding district court's dismissal, pursuant to 28 U.S.C.§ 1915(e)(2)(B), of plaintiff's claims against the Georgia Division of Child Support Services, based on the agency's Eleventh Amendment immunity); Williams v. St. Vincent Hosp., 258 F. App'x. 293, 294 (11th Cir. 2007)(on the grounds of Eleventh Amendment immunity, affirming district court's *sua sponte* § 1915(e)(2)(B) dismissal of claims against state agency).

Plaintiff's official-capacity claims for damages against the ALDOC and ADC Commissioners and the "District Attorneys"[4] are also barred by the Eleventh Amendment.

---

[4] Under Alabama law, district attorneys are state officers. Hooks v. Hitt, 539 So.2d 157, 159 (Ala. 1988)("District attorneys are state employees whose salaries are funded by the state.")(citing Ala. Code, § 12-17-182); Jefferson County v. Swindle, 361 So.2d 116, 118 (Ala. 1978)("[D]istrict attorneys have specifically been declared state officers and not county officers."); Harris v. Falls, 920

Kentucky v. Graham, 473 U.S. 159, 169 (1985)("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."); Odebrecht Construction, Inc. v. Secretary, Florida Dept. of Transportation, 715 F.3d 1268, 1289 (11th Cir. 2013)("*Ex Parte Young* suits like the one brought here have never been held to permit retrospective money damages.").  In addition, plaintiff is no longer in the physical custody of either corrections department and, thus, his complaint cannot be construed to seek prospective injunctive relief against the official capacity Commissioners.  Similarly, plaintiff fails to allege facts demonstrating an ongoing violation of his rights by the Alabama and Arkansas prosecuting attorneys that can be addressed by prospective injunctive relief against them.[5]  See Florida Ass'n of Rehabilitation Facilities, Inc. v. State of Fla. Dep't. of Health and Rehab. Services, 225 F.3d 1208, 1219-20 (11th Cir. 2000)("Under the doctrine of *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), there is a long and well-recognized exception to this rule for suits against state officers seeking prospective equitable relief to end continuing violations of federal law. ... *Ex Parte Young* applies to cases in which

---

F.Supp.2d 1247, 1256 (N.D. Ala. 2013)(Eleventh Amendment barred claims for money damages "[b]ecause defendant, as District Attorney, is a state officer"). Similarly, under Arkansas law, the "Prosecuting Attorneys" for the Arkansas judicial districts are state officers.  Martindale v. Honey, 533 S.W.2d 198, 198-99 (Ark. 1976).

[5] Plaintiff does not specify what conduct he seeks to enjoin. To the extent that plaintiff's complaint may be construed to seek an injunction against the defendant officials for the states of Alabama and Arkansas to preclude enforcement *in Tennessee* of the requirement that plaintiff register as a sex offender in that state due to his Alabama and Arkansas convictions (see Complaint, ¶ 9), this claim for injunctive relief does not fall within the *Ex parte* Young exception to Eleventh Amendment immunity.  See Summit Medical Associates, P.C. v. Pryor, 180 F.3d 1326, 1341 (11th Cir. 1999)("[U]nless the state officer has some responsibility to enforce the statute or provision at issue, the 'fiction' of *Ex Parte* Young cannot operate.").

the relief against the state official directly ends the violation of federal law, as opposed to cases in which that relief is intended indirectly to encourage compliance with federal law through deterrence or simply to compensate the victim.")(citations omitted). To the extent that plaintiff seeks declaratory relief against the official capacity Commissioners and District Attorneys (see Complaint, p. 2, ¶ 3), such relief pertains to their alleged past violations of plaintiff's rights and, thus, it is also retrospective and not subject to the *Ex Parte Young* exception to Eleventh Amendment immunity. See Summit Medical Associates, 180 F.3d at 1337 ("[A] plaintiff may not use the [*Ex parte Young*] doctrine to adjudicate the legality of past conduct."); Cobb v. Marshall, 481 F.Supp.2d 1248, 1258 (M.D. Ala. 2007)("*Ex parte Young* ... does not apply when the declaratory relief pertains only to past violations of federal law.").

**Failure to State a Claim as to Individual-Capacity Commissioners**

"[A] plaintiff seeking to hold a supervisor liable for constitutional violations must show that the supervisor either participated directly in the unconstitutional conduct or that a causal connection exists between the supervisor's actions and the alleged constitutional violation." Harrison v. Culliver, 746 F.3d 1288, 1298 (11th Cir. 2014). Plaintiff alleges no *facts* suggesting that the defendant DOC Commissioners participated directly in the alleged violations of plaintiff's constitutional or federal statutory rights or that there is any causal connection between either Commissioners' conduct and the alleged violations. Plaintiff's conclusory allegation that they "were each a direct participant in the acts and or/omissions

as alleged further herein" (Complaint, ¶ 6) is not sufficient to allege a factual basis for personal liability under § 1983 on the part of the Commissioners.  Additionally, plaintiff's conclusory allegations of conspiracy are not sufficient to state a claim of a § 1985 violation (or, therefore, a violation of § 1986), and plaintiff's complaint is devoid of supporting allegations of fact to suggest that the Commissioners joined in or sanctioned a conspiracy to deprive the plaintiff of his civil rights. Thus, plaintiff has failed to state a plausible claim for relief against the DOC Commissioners in their individual capacities under 42 U.S.C. §1983, §1985, or §1986.[6]  Henzel v. Gerstein, 608 F.2d 654, 659 (5th Cir. 1979)("[T]he plaintiff has failed to allege facts showing the existence of a conspiracy.  The pleadings and affidavits merely contain bare allegations that all of the defendants 'conspired' to deprive him of his constitutional rights."); Cox v. Mills, 465 F. App'x. 885, 888 (11th Cir. 2012)("[W]here there is no underlying conspiracy to support a Section 1985 claim, the derivative Section 1986 claim must also fail.").

**Failure to State a Claim as to the Individual-Capacity District Attorneys**

Plaintiff's factual allegations, accepted as true, do not allege or permit an inference of conduct on the part of the defendant "District Attorneys" other than their advocacy on

---

[6] To state a claim for relief, a complaint must include factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp v. Twombly, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient to state a claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Twombly, 550 U.S. at 555). "[C]omplaints ... must now contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Randall v. Scott, 610 F.3d 701, 707 n. 2 (11th Cir. 2010)(internal quotation marks omitted).

behalf of their respective states in plaintiff's criminal judicial proceedings, including those related to a probation violation. Thus, plaintiff's claims for damages are barred by these defendants' absolute prosecutorial immunity. See Hart v. Hodges, 587 F.3d 1288, 1294-99 (11th Cir. 2009)(explaining absolute immunity doctrine).

Additionally, plaintiff fails to allege any *facts* supporting a claim for declaratory or injunctive relief against the individual-capacity District Attorneys. The event giving rise to plaintiff's claims appears to be his final transfer to Alabama after he served his term of confinement in Arkansas.[7] Plaintiff alleges that "the State of Alabama had issued a warrant for the Plaintiff's arrest/extradition back to Alabama for probation violation" (Complaint, ¶ 17)(emphasis added). His claims rest on his contention that the state of Alabama had no authority to extradite him because it "acted without a warrant signed by a court of competent jurisdiction" and had failed to lodge a detainer against him. (Id., ¶¶ 17-18, 20, 22-23). To the

---

[7] It does not appear that plaintiff's § 1983 claims rest on conduct by the defendant prosecutors that occurred in connection with charging or prosecuting him for sexual abuse in the initial criminal proceedings that resulted in his convictions and sentences, as plaintiff's complaint includes no allegations regarding any such conduct. Any claims that accrued at or around the time of plaintiff's convictions would be barred by the applicable statutes of limitations. See Complaint, ¶¶ 11, 13 (Alabama plea in August 2002 and Arkansas plea "[s]hortly[] thereafter"); Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011)(in Alabama, the limitations period for § 1983 constitutional claims is two years); Ketchum v. City of West Memphis, Ark., 974 F.2d 81 (8th Cir. 1992)(Arkansas' three-year statute of limitations for general personal injury applies to § 1983 actions). Additionally, while plaintiff appears to contend that *all* of his periods of confinement and the requirement that he register as a sex offender (alleged to result directly from his convictions) were somehow retroactively nullified or rendered void by plaintiff's allegedly unlawful final transfer to Alabama due to a probation violation (Complaint, ¶¶ 19-20), plaintiff's *ad damnum* clause includes no express demand for a judgment setting aside his state court convictions. Thus, the court does not read plaintiff's complaint to challenge the validity of the final Arkansas and Alabama state court judgments convicting plaintiff of sex offenses.

extent plaintiff contends that the defendants were required to file a formal detainer with the Arkansas Department of Corrections to enable plaintiff to invoke the protections and procedures set forth in the Interstate Agreement on Detainers (see Ala. Code, § 15-9-81, *et seq.*; Ark. Code, § 16-95-101, *et seq.*), he is mistaken. The rights provided to a prisoner by the Interstate Agreement on Detainers do not apply in the context of probation violations. Carchman v. New Jersey Department of Corrections, 473 U.S. 716 (1985); see Padilla v. State, 648 S.W.2d 797, 798 (Ark. 1983)("The Interstate Agreement on Detainers Act ... by its express terms applies only to a detainer based on an untried indictment, information or complaint."). Additionally, the absence of "a warrant signed by a court of competent jurisdiction" (Complaint, ¶ 20) does not necessarily render the arrest of a probationer for a violating the conditions of probation unconstitutional or otherwise unlawful. See Ala. Code, § 15-22-54(d)(written statement by probation officer stating that the probationer has violated the conditions of probation is sufficient to permit a warrantless arrest of the petitioner and "the statement shall be sufficient warrant for the detention of the probationer ... until the probationer is brought before the court"); cf. Dietz v. State of Alabama, 474 So.2d 127 (Ala. 1985)(describing the probation officer's written statement under § 15-22-54(d) as "the process to which a probationer is due under our system of constitutional law" that "serves as a substitute for a warrant which would otherwise be issued by the court")(emphasis omitted). While it is *possible* that plaintiff suffered an actionable deprivation in connection with his return to Alabama to answer for an alleged probation violation, the factual allegations of his

complaint have not "nudged [his] claims across the line from conceivable to plausible" (Twombly, 550 U.S. at 570) and, thus, plaintiff has failed to state a claim for violation of his constitutional or statutory rights.[8]

Even assuming that plaintiff's complaint includes allegations of fact sufficient to show that someone violated his rights, plaintiff fails to allege which, if any, of the District Attorneys/Prosecuting Attorneys he has identified as defendants were involved in causing plaintiff to be transferred back into ALDOC's custody due to a probation violation or to specify the conduct of any such defendant that gives rise to his or her liability. Stripped of its conclusory allegations of conspiracy, the complaint fails to allege unlawful conduct by any individual District Attorney defendant. Plaintiff alleges no underlying facts suggesting the existence of a conspiracy prohibited by § 1985, and his failure to state a § 1985 claim dooms his derivative § 1986 claim. See Cox, 465 F. App'x. at 888. The facts alleged do not state a plausible claim that each (or any one) of the prosecutors whom plaintiff has sued in this action has engaged in conduct that subjects him or her to liability to the plaintiff.

### The "Et Al" Defendants

In addition to designating "John Doe" and "Jane Doe" defendants by the unique positions they hold, plaintiff sues parties that he designates as "Defendants, **Et Al**" [sic] and describes only as "Defendants whose names are not yet known to the Plaintiff" but who "may

---

[8] While the court construes *pro se* pleadings liberally, it "may not act as *de facto* counsel or 'rewrite an otherwise deficient pleading in order to sustain an action.'"Porter v. Duval County School Bd., 406 F. App'x. 460, 462 (11th Cir. 2010)(unpublished opinion; citation omitted).

be Defendants relevant to the facts and violations as alleged further herein." (Complaint, ¶ 8)(bold type in original). Plaintiff sues these defendants in their official and individual capacities. (Id.). Plaintiff does not allege what any of these defendants have done to give rise to liability, nor does he state the official positions they hold. Plaintiff's general description of these defendants amounts to nothing more than an attempt to use fictitious-party practice in this action. However, with limited exception not applicable as to these unidentified defendants, "fictitious-party pleading is not permitted in federal court" and, thus, the "**Et Al**" defendants are due to be dismissed. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).

### No Standing to Seek Criminal Prosecution

The relief plaintiff seeks in this case includes a judgment finding "that the defendants and each of them have engaged in activities of a criminal nature, and subject to prosecution under 18 U.S.C. 241 and 242." (Complaint, ¶ 42)(original all in capital letters; emphasis omitted). However, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another" and, thus, plaintiff lacks standing to pursue this claim for relief. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); see also Chen *ex rel.* V.D. v. Lester, 364 F. Appx. 531, 536 (11th Cir. 2010)(concluding that district court did not err in dismissing plaintiff's claims pursuant to 18 U.S.C. §§ 241-242, as criminal statutes "generally do not provide a private cause of action").

### CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that:

(1) to the extent that plaintiff seeks a judgment finding the defendants to have violated 18 U.S.C. §§ 241 and 242, this claim for relief be DISMISSED without prejudice as plaintiff lacks Article III standing to pursue it;

(2) plaintiff's claims against the unidentified "**Et Al**" defendants be DISMISSED with prejudice, as these are fictitious parties;

(3) plaintiff's claims against the Alabama Department of Corrections, the Arkansas Department of Corrections, and all of the official-capacity "Jane Doe" and "John Doe" defendants be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B), due to the Eleventh Amendment immunity of these defendants;

(4) plaintiff's individual capacity claims for damages against the "Jane Doe" and "John Doe" defendants identified as the "District Attorneys" for the Alabama counties of Franklin and Walker and for Miller County, Arkansas, arising from their conduct in connection with judicial proceedings (including probation revocation proceedings) as advocates for their respective states be DISMISSED with prejudice as barred by absolute prosecutorial immunity;

(5) plaintiff's individual capacity claims against the "Jane Doe" and "John Doe" defendants identified as the Commissioners of the Alabama and Arkansas corrections departments and his individual capacity claims for injunctive and declaratory relief against

the "District Attorneys" for the Alabama counties of Franklin and Walker and for Miller County, Arkansas, be DISMISSED without prejudice prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief may be granted; and

(6) this action be referred back to the undersigned Magistrate Judge for entry of an order allowing plaintiff the opportunity to move for leave to amend his complaint to re-plead the individual capacity claims identified in paragraph (5) above;[9]

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before October 13, 2014. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain

---

[9] In recommending that plaintiff be allowed an opportunity to move for leave to amend as to the individual-capacity defendants, the court intends no suggestion that any of these defendants may have violated plaintiff's rights, or even that this court is the appropriate forum to adjudicate plaintiff's claims. While plaintiff's present allegations are too vague and conclusory to state a claim, he may (or may not) be able to allege additional facts that would state an actionable claim against one or more of the defendants. Even if he does so, however, it appears likely that the defendants could raise meritorious challenges to this court's assertion of personal jurisdiction and/or to venue in this district.

error or manifest injustice.  Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11t h Cir. 1989).

DONE, this 29th day of September, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE